## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SAMANTHA COVER-KILLEWALD,
FREDERICK WATTS, TERRY BLACKMON,
DOROTHY BLACKMON, ZARIE PHILLIPS,      Case No. 2:14-cv-12102-LJM-RSW
individually and on behalf of similarly
situated individuals;  LISA THOMAS; and
B. JEAN WATTS, individually,

                Plaintiffs,      Honorable Laurie J. Michelson

                    Honorable R. Steven Whalen

    v.      JURY DEMANDED

BROOKSIDE OF SUPERIOR TOWNSHIP
CONDOMINIUM ASSOCIATION;
COUNTRY POND ESTATES
CONDOMINIUM ASSOCIATION;
EQUITYEXPERTS.ORG, LLC;

                Defendants.
_____/

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiffs Frederick Watts ("Watts"), Samantha Cover-Killewald ("Cover-Killewald"), Terry Blackmon and Dorothy Blackmon (collectively "Blackmon"), Zarie Phillips ("Phillips") brings this action individually and on behalf of similarly situated individuals, and Lisa Thomas, ("Thomas" who at all times relevant to this Complaint as Amended was treated as the homeowner-debtor) and B. Jean Watts ("Jean Watts"), individually, against Defendant

EquityExperts.org, LLC, ("Equityexperts"), for violating the Fair Debt Collection Practices Act ("FDCPA"), in using high pressure, relentless, unfair and abusive collection tactics include filing untrue liens with the Wayne County and Washtenaw County Register of Deeds which add thousands of dollars of impermissible collection fees.  For example, Equityexperts has no legal right to attempt to collect from Watts and Jean Watts "$8,185.00" on a disputed debt of $1,370.00, or from Thomas  "$11,540.00" on a disputed debt of $5,850.00, of which a significant amount is barred by the Michigan six-year statute of limitations.

2.      For years Country Pond Estates Condominium Association ("Country Pond") did not collect an annual Homeowners Association ("HOA") fee from the Country Pound Estate Plaintiffs and the class members. The subdivision has potholes and grading issues, which in Plaintiff Thomas' case has caused substantial damage to the home she occupies and in the case of the Watts' home causes flooding and their deck to sink into their yard.

3.      Shortly after Equityexperts became involved in attempting to collect HOA fees on behalf of Country Pond, plus thousands of dollars in additional collection fees, from Plaintiffs and the class members, Equityexperts aggressively filed liens, on behalf of Country Pond, on their homes with the Wayne County Register of Deeds and threatened that their homes would be foreclosed upon via notice by advertisement.

4.      Out of fear for loosing their home, Plaintiffs Frederick Watts and Jean Watts started making installment payments of $800 per payment towards an amount that Equityexperts has demanded from them, which included thousands of dollars in impermissible collection fees.   However, the financial stress of these payments has become too great and they can no longer make these payments to Equityexperts and have now fallen behind on their mortgage payments as a result of paying Equityexperts' illegal demands.

5.      Thomas on or around March 14, 2014, made a payment of $2,880 for which she believed was the proper amount Country Pond is entitled to.   However that payment was rejected.   Thomas has re-sent the check directly to Country Pond without it being accepted.

6.      Plaintiffs   Samantha   Cover-Killewald   ("Cover-Killewald"),   Terry Blackmon and Dorothy Blackmon (collectively "Blackmon" as both were treated by Equityexperts as the homeowner-debtor) and Zarie Phillips ("Phillips") allege that Equityexperts has been attempting to collect from them thousands of dollars in impermissible   collection   fees   not   permitted   by   the   Brookside   of   Superior Township Condominium Association ("Brookside") Bylaws and have filed liens on their homes with the Washtenaw Country Register of Deeds and have threatened that their homes would be foreclosed upon by advertisement.   Indeed,

Phillips made a $7,500 payment to Equityexperts from money he withdrew from his retirement plan out of fear he was going to lose his home.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k (FDCPA) over Plaintiffs' claims against Equityexperts.

8. This Court shall have supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' and the class' breach of contract claims against all Defendants seeking a declaratory judgment and requesting injunctive relief regarding the amount of collection fees that can be properly charged under Country Pond's and Brookside's respective contracts, the claims for disgorgement of improper profits and the Michigan Occupational Code ("MOC") against Equityexperts, as they are so related and arise under a common nucleus of operative facts of the federal claims under the FDCPA. *See e.g. Great Lakes Spice Co. v. GB Seasonings, Inc.,* No. 05-70387, 2005 U.S. Dist. LEXIS 9112 * 5 (E.D. Mich. Apr. 26, 2005) (*citing United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)); 28 U.S.C. § 1367(c)) (exercising supplemental jurisdiction over a "closely related" contractual covenant); *see also Haddad v. Alexander, Zelmansji, Danner & Fioritto, PPLC.*, 698 F.3d 290 (6th Cir. 2012) (the Sixth Circuit Court of Appeals has already determined that condominium assessments are a "debt" under both the

FDCPA and the Michigan Collection Practice Act); *cf. Gamby v. Equifax Info. Servs. LLC,* 462 Fed. Appx. 552, 556 n.5 (6th Cir. 2012) (unpublished) (reversing summary judgment on the plaintiff's MCPA claim and remanding the case for rehearing on the issue of damages an noting that, "[t]he FDCPA contains language that is very similar to that found in the MCPA."); *cf. Litt v. Midland Credit Mgmt,* 13-CV-12393, 2014 U.S. Dist. LEXIS 66658 * 10-11 (E.D. Mich. May 14, 2014) (Steeh, J.) (rejecting the defendant's argument under 28 U.S.C. § 1367(c) to dismiss the MCPA and Michigan Occupational Code collection claims in an FDCPA matter); *cf Martin v. Bank of Am., N.A.,* 2014 U.S. Dist. LEXIS 4957- * 14-15 (E.D. Mich. Apr. 10, 2014) (Rosen, C.J.) (deciding on the merits to dismiss with prejudice the plaintiff's Michigan Occupational Code claims); *cf Castleberry v. Daimler Chrysler Truck Fin.*, Case No. 10-11460, 2012 U.S. Dist. LEXIS 106736 * 17-18 (E.D. Mich. July 31, 2012) (Cleland, J.) (entering summary judgment on the plaintiff's MCPA claim); *cf. Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 967 (E.D. Mich. 2012) (Michelson, M.J.) (*citations omitted*) (MCPA claims "'simply duplicate . . . claims under the FDCPA'" and therefore do not need to be addressed separately when entering a judgment on the plaintiff's FDCPA claims). "[I]n the absence of any such circumstance [set forth in 28 U.S.C. § 1367(c)], it does not appear that a court would be authorized—let alone required—to decline to exercise jurisdiction." *Hucul Adver., LLC v. Charter Twp.*

*Of Gains,* 748 F.3d 273, 281 (6th Cir 2014).  No set of circumstances set forth in 28 U.S.C. § 1367(c) exist here.

9.    This Court under Plaintiffs and the class' FDCPA claims is asked to determine whether Equityexperts' collection fees, form letterhead and form envelopes and were improper, mirrors Plaintiffs' claims under the MOC and incorporates the paragraphs the FDCPA claims are based upon.   Whether Equityexperts' attempt to collect collection fees for itself that were not paid by its condominium association clients violates the FDCPA present the same core issue that are alleged in Plaintiffs' breach of contract and disgorgement claims.

10.    Furthermore, because Equityexperts on behalf of Brookside and Country Pond and believed to be other Michigan condominium associations, uses Foreclosure by Advertisement as means of attempting to collect a debt, state court judicial review of Equityexperts' conduct complained of here on behalf of its condominium association clients can be avoided.

11.    Venue and personal jurisdiction over Defendants in this District is proper because:

> A.    Plaintiffs reside or own property in the District;
>
> B.    Defendants are located and conduct business within the District;

C.      Defendant Equityexperts uses the instrumentalities of interstate commerce, specifically the U.S. mail, to communicate with debtors in an attempt to collect a debt within the District; and

D.      Equityexperts' collection activities complained of occurred within the District on behalf of the other two Defendants who also located within the District.

## PARTIES

12.    Plaintiffs Cover-Killewald, Blackmon and Phillips (collectively the "Brookside Plaintiffs") are natural persons who reside within Washtenaw County, Michigan.

13.    Plaintiffs Watts, Jean Watts and Thomas (collectively the "Country Pond Plaintiffs") are natural persons who reside within Wayne County, Michigan.

14.    Brookside of Superior Township Condominium Association ("Brookside") is a Michigan corporation and its agent and address is Jeff Gourlie, 1100 Victors Way Ste. 50, Ann Arbor, Michigan 48108.

15.    Country Pond Estates Condominium Association ("Country Pond Estates" or "Country Pond") is a Michigan nonprofit corporation organized under the laws of the State of Michigan on or around June 28, 2001.  Its registered agent and his address in Michigan is Mike Ward, 2363 W. Jefferson, Trenton, Michigan 48183.

16.    Equityexperts was organized under the laws of the State of Michigan on or about August 16, 2006.    Equityexperts is licensed under the name Equityexperts.org, LLC in the State of Michigan as an Agency – Non-Owner Manager, License Number 2401002092, and the Employer/Managed By is Michael Novak.  Its registered agent and his address in Michigan is Michael Novak, 400 Water St., Ste. 250, Rochester, Michigan 48307.   On information and belief, Michael Novak authorized supervised and approved of the conduct of Equityexperts complained about herein.

17.    Because the debts that Equityexperts was attempting to collect were originally owed to another entity, for example Country Pond, Brookside, or other condominium associations in Michigan, respectively, that were in default at the time of Equityexperts' collection attempts, Defendant Equityexperts is a debt collector as defined in the FDCPA as to its conduct complained of herein and as a collection agency under Michigan law.

18.    Due to the Equityexperts' fraudulent conduct and scheme of collecting impermissible collection fees from debtors, Plaintiffs, individually and on behalf of members of the class, place Equityexperts' owners, believed to be at a minimum to include Michael Novak, that Plaintiffs will seek to pierce the corporate veil to hold Equityexeprts' owners, who are believed to have developed, implemented, participated and had control over the corporate conduct complained

of herein, personally liable for any judgment that is entered against Equityexperts if Equityexperts is under capitalized to pay such a judgment.

## FACTS

19.    The Brookside of Superior Township, Master Deed, Exhibit A, Condominium Bylaws, Article II Assessments, Section 5(d) <u>Expenses of Collection</u>, provides:

> The expenses incurred in collecting unpaid assessments, including interest, costs, actual attorney's fees (not limited to statutory fees) and advances for taxes or other liens paid by the Association to protect its lien, shall be chargeable to the Co-owner in default and shall be secured by the lien on his Unit.

20.    The Brookside Plaintiffs, the respective class members and Brookside agreed to abide by the Condominium Bylaws provision regarding the expenses of collection quoted above.

21.    The Master Deed for Country Pound Estates, Exhibit "A" Condominium Bylaws, Article II, Assessments, Section 2.7 *Enforcement*, filed with the Wayne County Register of Deeds on or around May 20, 1999, in pertinent part provides:

> *(d) Expenses of Collection*. The expenses incurred by the Associate in collecting unpaid assessments, including interest, costs, actual attorneys' fees (not limited to statutory fees) and advances for taxes or other liens paid by the Association to protect its lien, shall be chargeable to the defaulting Co-owner and shall be secured by a lien on his Unit.

22.    The Country Pond Plaintiffs, the respective class members and Country Pond agreed to abide by the Condominium Bylaws provision regarding the expenses of collection quoted above.

23.    On information and belief, at all times relevant to this Amended Complaint, as to all other condominium associations in Michigan to which Equityexperts was trying to collect a debt for, each of those associations' Master Deeds and Bylaws contained similar provisions as Brookside and Country Pond in that the respective unit owner was only liable for payment of collection fees that the respective associations actually incurred.

24.    On or before May 27, 2014, according to Equityexpert's website:

Our contingency based firm offers a full range of services related to your Association's collection needs.  We are the ONLY one-stop-shop in the industry and guarantee positive results at NO RISK & NO COST to your Association!

http://www.equityexperts.org/products/unsecured-debt-collections
and
http://www.equityexperts.org/
and
http://www.equityexperts.org/blog

25.    On or before May 27, 2014, according to the changing banner on Equityexperts' website:

Free is Better than Fee!

Our No Cost contingency based firm offers a full range of services related to your Association's collection needs.  We are the ONLY

one-stop-shop in the industry and guarantee positive results at NO RISK & NO COST to your Association!

http://www.equityexperts.org/

26.    On or before May 27, 2014, according to Equityexperts' website:

Our contingency collections model became an important tool for our association clients to maintain healthy cash-flow during the rough economic climate of the past few years.

http://www.equityexperts.org/company-profile

27.    According to Equityexperts' website on or before May 27, 2014, its website stated, "Our expertise is focused exclusively on collections for Condominium and Homeowner Associations. *That is all we do!*"

http://www.equityexperts.org/ (emphasis in the original).

28.    According to Equityexpert's website on or before May 27, 2014:

Equity Experts quickly resolves delinquent files with care and precision utilizing a five step process.

•    **Intent to Record Lien** – We send the homeowner notification that the debt has been transferred to a collection agency. Our letter indicates that if the debt is not resolved within 30 days a lien will be filed with the county.

•    **Lien** – We secure the association's interests in the property by drafting and filing a lien with the county. We send a draft of the lien to the homeowner, along with a letter explaining the ramifications of the lien and the association's intention to foreclose on the lien if the account remains delinquent.

•    **Constant Contact** – Our Constant Contact process is an important distinction that sets us apart from our competitors. We send weekly letters to the homeowner urging them to respond before their account escalates further.  If contact information is provided, we will also make several

11

weekly attempts to contact the homeowner by phone or email. If no additional contact information is available, Equity Experts will conduct skip-tracing efforts to locate valid contact information. By taking these additional measures, Equity Experts ensures that each homeowner has the opportunity to address their association delinquency and make arrangements before moving forward with foreclosure.

•       **Intent to Foreclose** – This step is our final warning to the homeowner that association foreclosure is imminent. We send notice to the homeowner via both first-class mail and certified-mail with return receipt, which includes a copy of the recorded lien and provides an estimated date that the foreclosure will occur. We also complete a detailed title search to evaluate the association's position in regards to other lien holders.

•       **Foreclosure** – When all of the previous collection efforts have not resulted in an   approved payment arrangement, we make our foreclosure recommendation to the association board for approval. The timeframe and specific procedures vary by state however; in all cases Equity Experts will handle the complete process from the initial notice all the way through to eviction if necessary, all with minimal direct cost to the association.

http://www.equityexperts.org/products/association-assessment-collections

29.     On information and belief, the above quoted statements above in paragraphs 24 through 28 above were true as of on or before May 27, 2014.

30.     On information and belief, Equityexperts is not charging Country Pond for its collection services, but attempts to collect collection fees directly from the consumer.

31.     On information and belief, Equityexperts is not charging Brookside for its collection services, but attempts to collect collection fees directly from the consumer.

32.    On information and belief Country Ponds did not pay any monies to Equityexperts directly related to the collection of the Country Ponds Plaintiffs' debts.

33.    On information and belief Brookside did not pay any monies to Equityexperts directly related to the collection of the Brookside Plaintiffs' debts.

34.    On information and belief, Equityexperts (referenced in this paragraph only, as the "COLLECTION AGENT") contractual obligations with all the condominium associations in Michigan, or those condominium associations' agents (referenced in this paragraph only, as the "ASSOCIATION PRINCIPAL"), to whom Equityexperts was attempting to collect a debt for agreed to contractual language that includes, in part, the following provision and Schedule A:

4.    COLLECTION AGENT shall not charge ASSOCIATION PRINCIPAL for any costs of collection services performed according to the collection procedure and schedule set forth in Schedule A. Such Schedule A costs and procedures are authorized by Principal, and Agent is directed that such cost reimbursement shall be charged to each Delinquent Unit Owner.  (1) COLLECTION AGENT exclusively collects Delinquent Association Dues but no other type(s) of debt, (2) ASSOCIATION PRINCIPAL shall not forward any Delinquent Unit Owners Files where Mortgagee Foreclosure has been initiated – and if subsequently determined Mortgagee Foreclosure had been initiated, ASSOCIATION PRINCIPAL shall reimburse COLLECTION AGENT the allowances incurred by COLLECTION AGENT upon return of such File to ASSOCIATION PRINCIPAL, (3) ASSOCIATION PRINCIPAL shall not delay the collection procedure set forth in Schedule A and the timely delivery of monthly delinquency reports to COLLECTION AGENT prior to COLLECTION AGENT'S Notice of Intent to Foreclosure, and (4) COLLECTION AGENT may continue with steps subsequent to Notice of Intent to Foreclosure as set forth in Schedule A at its own expense unless instructed by ASSOCIATION PRINCIPAL to suspend the foreclosure process, after which the ASSOCIATION PRINCIPAL will ensure payment to COLLECTION AGENT for allowances which are not otherwise recovered from the Delinquent Unit Owner within 90 days of said suspension.  File return or representation termination for any reason, permitted only upon 30 days prior written notice by either party to the other, shall terminate and release the parties, with no further obligation, except for payment of allowances provided herein.

* * *

SCHEDULE A

**ASSOCIATION PRINCIPAL AUTHORIZATION AND DIRECTION TO COLLECTION AGENT TO CHARGE COST REIMBURSEMENT / FEE(S) TO DELINQUENT UNIT OWNER**

| | |
|---|---|
| Intent to Record Lien Letter | $95 (File transfer - Day 1) |
| Preparation of Lien & Draft to Owner | $395 (Estimated Day 30) |
| Recording of Lien | $50 Lien Allowance |
| Notice of Intent to Foreclose and Draft to Owner | $1,495 (Estimated Day 45 – 60) |
| Publication of Foreclosure Notice | $995 (Estimated Day 60) |
| Foreclosure Auction / Sheriff's Deed | $500 Publication Allowance |
| Court Judgment - Eviction | $1,500 + Expenses (Estimated + 6 mo.) |
| Credit Agency Reporting (Upon Request) | $25 Per Agency Notice |

Plus processing allowances of $25 per step indicated above.

35.     At    all    times    relevant    to    this    Complaint,    Equityexperts'
communications, publications, and documents filed with the Wayne County
Register of Deed contain the name "Country Pond Estates Homeowners
Association," which is not Defendant Country Pond Estates, but is a Not-For-Profit
corporation organized under the laws of the State of Illinois on or around
November 30, 1999.

## FACTS AS TO PLAINTIFF WATTS

36.     Equityexperts sent Plaintiff Watts a letter dated 12/2/2013, which did
not state the amount of debt that Defendant was seeking, but in part stated, "We are
willing to work with you to set up reasonable payment arrangements, which would
prevent your balance from escalating further."

37.     Equityexperts sent Plaintiff Watts a letter dated 1/14/2014, which attached a copy of a recorded lien on the property at 13683 Winding Pond LN., and a document titled,  "**Legal News/Daily Report**" "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT". (emphasis in the original).

38.     The letter dated 1/14/2014 header, states in part:

> Country Pond Estates Homeowners Association
> PO Box 81200
> Rochester, MI 48308-1200

39.     The letter dated 1/14/2014 header, states in part:

> EQUITY EXPERTS
> ASSOCIATION COLLECTION SPECIALISTS
> PO Box 81200, Rochester, MI 48308
> (248) 601-6766 email: info@equityexperts.org

40.     The letter dated 1/14/2014 header, states in part:

> Current balance: **$4,740.00**
> If you do not pay within 10 days, balance may be at least:  $8,185.00

>  (emphasis in the original).

41.     The "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT" states in part, "NOW THEREFORE, by virtue of the power of the sale contained is said Master Deed, and as authorized by State statute, notice is hereby given that on 2/27/14 ALL interest in the herein

subject premises will be foreclosed by a sale by public auction to the highest bidder."

42.     The "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT" states in part, "there being due at the date of this notice Eight Thousand One Hundred eighty Five and 00/100 dollars ($8,185.00) subject to interest at 7% annum, and no suit or proceedings at law of in equity having been instituted against Frederick Watts[.]" (emphasis in the original).

43.     Equityexperts sent Plaintiff Watts a letter dated 1/15/2014, that in part states, "This letter is our final attempt to reach a resolution on this account before additional legal action is taken."

44.     Equityexperts provided Plaintiff Watts a document, which in part, stated that as of 10/07/2013, the "Beginning balance from association" as of that date, was "$1,370.00".

45.     Watts through Jean Watts sent Equity Experts notice of their dispute of the $1,3700 amount as it includes a year of HOA fees that was previously paid to which a prior lien was discharged.

46.     The LIEN FOR NONPAYMENT OF CONDOMINIUM ASSESSMENTS, signed on November 8, 2013, filed with the Wayne County Register of Deeds on or around November 14, 2013, Liber: 51175 Page: 513, states in part regarding Plaintiff Watts that, "The amount due to the association of co-

owners as the date of the notice is $2,495.00 exclusive of interest, costs, attorney fees, and future assessments, which are also secured by this lien and must be paid in full to discharge the obligation."

47. Equityexperts provided Plaintiff Watts a document, which in part, stated that as of 11/08/2013 the balance on the debt was "$2,035.00" which included the "Lien recording and discharge package".

48. Equityexperts sent Watts a letter informing him in part that, "As of January 31, 2014, you owe to Country Pond Estates Homeowners Association the sum of **$4,740.00**." (Exhibit I) (emphasis in the original).

49. The letter dated 1/31/2014, in part provides, "If you fail to make the scheduled payments by their due dates, you will be subject to further collection actions and costs." (emphasis in the original).

50. Plaintiff Watts has suffered undue stress and anxiety, including the loss of sleep, from Equityexperts' collection efforts.

**FACTS AS TO PLAINTIFF THOMAS**

51. The HOA fees to Country Pound Estates were never paid on the property that Plaintiff Thomas resides is as there was a agreement between Elizabeth Thomas and the builder of the home that no fees would need to be paid due to the problems with the home, notably the grading which caused a pond in the back yard and split the foundation of the home.

52.    Equityexperts sent Elizabeth Thomas, Plaintiff Thomas' recently deceased mother, a letter dated 1/14/2014 which attached a copy of a recorded lien on the property at 13960 Pond Bluff Dr., and a document titled,   "**Legal News/Daily Report**" "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT".  (Exhibit J) (emphasis original).

53.    The   LIEN   FOR   NONPAYMENT   OF   CONDOMINIUM ASSESSMENTS, signed on November 8, 2013, filed with the Wayne County Register of Deeds on or around November 14, 2013, Liber: 51175 Page: 512, states in part regarding Plaintiff Watts that, "The amount due to the association of co-owners as the date of the notice is $5,850.00 exclusive of interest, costs, attorney fees, and future assessments, which are also secured by this lien and must be paid in full to discharge the obligation."

54.    The "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT" states in part, "NOW THEREFORE, by virtue of the power of the sale contained is said Master Deed, and as authorized by State statute, notice is hereby given that on 2/27/14 ALL interest in the herein subject premises will be foreclosed by a sale by public auction to the highest bidder."

55.    The "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT" states in part, "there being due at the

date of this notice Eleven Thousand five Hundred forty and 00/100 dollars ($11,540.00) subject to interest at 7% annum, and no suit or proceedings at law of in equity having been instituted against Elizabeth Thomas[.]"

56.    Thomas was provided directly a document by Equityexperts with a date of 12/10/2013 which lists as of that date an "Amount Due" of $5,185.00 and a "TOTAL BALANCED OWED:  $  8,095.00"  which was the "Amount Due" plus $2,910 in "Collection Fees".

57.    The document provided by Equityexperts directly to Thomas with a date of 12/10/2013 shows that the debt it was trying to collect included amounts for "2004/2005 Yearly Dues."

58.    In a letter dated January 28, 2014, Thomas informed Equityexperts that her mother had recently passed and that she was her late mother's personal representative handling her business affairs.

59.    Thomas, in a letter dated March 14, 2014, sent to Equityexperts, informed the reader that her mother had recently passed, enclosed a check for $2,880 for the HOA fees she believed that were in arrears and provided the name of her attorney.

60.    Equityexperts sent Thomas a letter dated 3/19/2014 and returned the $2,880 cashier's check, demanding money directly from Thomas.

61.    Though Equityexperts' conduct, it has been treating Thomas as a "debtor" for the purposes of the FDCPA.

62.    On March 29, 2013, Thomas received "NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT" states in part, "there being due at the date of this notice Eleven Thousand Ninety and 00/100 dollars ($11,090.00) subject to interest at 7% annum, and no suit or proceedings at law of in equity having been instituted against Elizabeth Thomas[.]"

63.    The clear window in the form of an envelope that Equityexperts uses shows only Country Pond Estates as being the entity from whom the letter is from.

64.    Thomas has suffered actual damages of undue stress and anxiety from Equityexperts' collection efforts, including physical illnesses including stomach illnesses, migraine headaches, and emotional turmoil requiring medical attention, including anxiety attacks.

**FACTS AS TO PLAINTIFF JEAN WATTS**

65.    Jean Watts is Fredrick Watts' wife, is also on the title to the home that was the subject of Equityexperts' collection efforts, and therefore read Equityexperts' collection letters addressed to Fredrick Watts and was treated as the homeowner-debtor by Equityexperts.

66.     On February 11, 2014, Equityexperts sent Jean Watts an email the text

of which is as follows:

> From: Miranda MacKay <mmackay@equityexperts.org>
> To: Jean Watts [Redacted]
> Sent: Tue, Feb 11, 2014 10:01 am
> Subject: RE: Watts country pond proof of payment
>
> Mrs. Watts,
>
> This email is in response to your recent letter. Be advised that you
> failed to dispute the debt within the 30 days outlined. However, we
> are providing you with a breakdown of your balance and a response as
> a courtesy. This documentation is a validation of debt. A discharge of
> lien does not constitute as proof that payment has been made. There
> are a host of situations that may have occurred where a release was
> done but full payment was not made. Please provide proof, such as
> cleared checks, that show payment was received.
>
> Also, the collection fees are reasonable and allowed by your
> association's bylaws and state statute. Your file has been with our
> office for over 4 months and several notices were sent to you. You
> failed to contact our office to discuss this matter until seven notices
> had been sent to you, a lien had been placed, and your file had been
> reached pre-foreclosure.
>
> Our office must receive payment for the $711 down payment within
> 24 hours. We can accept payment of credit or debit card over the
> phone and will waive the phone processing fee if you call and pay
> before 4pm today. This is a decision that has been made by your
> Board and is the final offer. If you fail to make this payment, your file
> will be prepared for foreclosure proceedings.
>
> Sincerely,
>
> Miranda MacKay
> Office Manager / Executive Assistant
> Equity Experts
> P.O. Box 81200 Rochester, MI 48308

248.601.6766 . mmackay@equityexperts.org

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

67.     On January 31, 2014, Equityexperts sent to Jean Watts an email, the

text of which is as follows:

From: Miranda MacKay <mmackay@equityexperts.org>
To: Jean Watts [Redacted]
Sent: Fri, Jan 31, 2014 2:23 pm
Subject: RE: 13683 WINDING POND LN.

Mrs. Watts,

You may attend the Board's next meeting in February if you would
like to discuss your situation further. These meetings are open-forum,
so you may add yourself to the list of those that wish to speak.
However, the bottom line is that the Board will allow a maximum 5
month payment plan if a down payment is made within one week.
Payment of $711.00 must be received by our office no later than
February 7, 2014. Thereafter, payments in accordance with the
attached plan must be received. Foreclosure proceedings will proceed
immediately if any default occurs.

Sincerely,

Miranda MacKay
Office Manager / Executive Assistant
Equity Experts
P.O. Box 81200 Rochester, MI 48308
248.601.6766 . mmackay@equityexperts.org

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

68.     On January 31, 2014, Equityexperts sent to Jean Watts an email the

text of which is as follows:

> From: Miranda MacKay <mmackay@equityexperts.org>
> To: Jean Watts [Redacted]
> Sent: Fri, Jan 31, 2014 10:03 am
> Subject: RE: 13683 WINDING POND LN.
> Ms. Watts,
>
> The decision has been made by your association board that they do
> not accept your proposed payment plan. This would result in your
> account not being paid in full for nearly a full year. Unpaid
> assessments affect the entire association, which is made up of your
> neighbors. Payment has not been received for your account for over
> four years. Therefore, immediate payment is necessary to prevent
> foreclosure. Be advised that if foreclosure proceedings begin it would
> result in additional cost to you of roughly $4,000. While the
> association does not wish to foreclose, it is imperative that this debt is
> resolved. Additional delays cannot be accepted.
>
> Please remit payment of $4,740.00 to our office no later than February
> 14, 2014.
>
> Sincerely,
>
> Miranda MacKay
> Office Manager / Executive Assistant
> Equity Experts
> P.O. Box 81200 Rochester, MI 48308
> 248.601.6766 . mmackay@equityexperts.org
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR
> ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION
> OBTAINED WILL BE USED FOR THAT PURPOSE.

69.     On January 24, 2014, Equityexperts sent to Jean Watts an email of

which the text is as follows:

From: Miranda MacKay <mmackay@equityexperts.org>
To: Jean Watts [Redacted]
Cc: mike <mike@riversedgemanagement.org>
Sent: Fri, Jan 24, 2014 12:24 pm
Subject: RE: 13683 WINDING POND LN.
Mrs. Watts,

Attached is a breakdown of your total balance owed, including collection fees. You may wish to inform your mortgage company that you are aware that they mishandled your loan modification because a lien was on title. It is required for the lien to be released prior to a loan modification being done.

Thank you for your attention to this matter.

Sincerely,

Miranda MacKay
Office Manager / Executive Assistant
Equity Experts
P.O. Box 81200 Rochester, MI 48308
248.601.6766 . mmackay@equityexperts.org

THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

70.     Attached to the email was a "Statement" from "Country Pond Estates Homeowner Association" showing an "Association Ledger Balance [of] $1,830" and "Collection Fees [of] $2,910.00".

71.     The "Statement" lists not pay on June 1, 2010, $450, and for June 1, 2011, 2012, and 2013, $460 not being paid.

72.   The June 1, 2010, amount of $450 included in a prior lien on the Watts' property and was paid on or around June 7, 2011, as consideration for the lien of the Watts' property being released.

73.   Jean Watts has suffered actual damages of undue stress and anxiety, including loss of sleep and complications to her health from Equityexperts' collection efforts.

## FACTS AS TO THE BROOKSIDE PLAINTIFFS

74.   Equityexperts within the past year has attempted to collect collection fees from Cover-Killewald that are not permitted by the Brookside Condominium Bylaws.

75.   In an attempt to collect collection fees that are not permitted by the Brookside Condominium Bylaws Equityexperts caused a Notice of Foreclosure by Publication to be published regarding Cover-Killewald's home.  For example as of June 15, 2012, Equityexeprts was attempting to collect from Cover-Killewald $4,587.50 which Equityexperts considered $1,852.50 owed to Brookside and $2,735 to be owed to Equityexperts, and told Cover-Killewald she could either pay the full $4,587.50 in three payments or a foreclosure on the home would occur.

76.   Cover-Killewald has expended money in attempting to dispute Equityexperts' illegal collection practices.

77.   Cover-Killewald has suffered actual damages of undue physical stress and emotional turmoil as a direct result of Equityexperts' collection practices.

78.   Equityexperts within the past year has attempted to collect collection fees from Blackmon that are not permitted by the Brookside Condominium Bylaws.

79.   In an attempt to collect collection fees that are not permitted by the Brookside Condominium Bylaws Equityexperts caused a Notice of Foreclosure by Publication to be published regarding Blackmon's home.

80.   Blackmon has expended money in attempting to dispute Equityexperts' illegal collection practices and have suffered actual damages due to the undue amount of emotional stress caused by Equityexperts' illegal collection practices.

81.   As a result of Equityexperts collection attempts Plaintiffs Phillips in order to save his home paid in April 2014, $7,500 to Equityexperts, monies he took out of his retirement plan.

82.   The $7,500 paid to Equityexperts contained collection fees that are not permitted under the Brookside Condominium Bylaws and therefore, Phillips has suffered actual damages.

83.   Equityexperts has attempted to collect amounts of collection fees that are not permitted under the Brookside Condominium Bylaws from Cover-Killewald, Blackmon and Phillips.

84.     On information and belief, Cover-Killewald and Blackmon within one year of the filing of the original Complaint in this matter, were sent letters similar to the letters sent to the Country Pond Plaintiffs from Equityexperts that contained a clear window that showed the name "Brookside of Superior Township Association" as being the sender of the letter.

85.     On information and belief, Cover-Killewald, Blackmon, and Phillips within the last six years of the filing of the original Complaint in this matter were sent letters similar to the letters sent to the Country Pond Plaintiffs by Equityexperts that showed the name "Brookside of Superior Township Association" as being the sender of the letter.

86.     On information and belief, Cover-Killewald and Blackmon within the last year from the date of the filing or the original Complaint and Phillips within the last six years from the filing of the original Complaint were sent letters similar to the letters sent the Country Pond Plaintiffs by Equityexperts that identified Defendant as "EQUITY EXPERTS" and not by its registered company name Equityexperts.org, LLC.

## COUNT I- FDCPA
## IMPERMISSABLE COLLECTION FEES
## CLASS ALLEGATION

87.     Plaintiffs, each of them, incorporate paragraphs 1-86 herein.

88.     This count is against Equityexperts only.

89.     This Count is asserted by Cover-Killewald, Blackmon, and Phillips Fredrick Watts individually and on behalf of a class, and individually by Plaintiffs Thomas and Jean Watts.

90.     15 U.S.C. § 1692f, in part, provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §§ 1692f, f(1).

91.     15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of --

(A) the character, amount, or legal status of any debt. . . .

* * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

92.     Under the Country Pond Estates Master Deed, Equityexperts is not permitted to attempt to collect any collection fees above the amount that Country Pond Estates has already paid to it for its collection services.

93.     The amounts that Equityexperts sought to collect from the Country Pond Plaintiffs contained collection fees that were in excess of any amount paid to Equityexperts by Country Pond Estates, if any, for its services.

94.     Under Brookside's Condominium Bylaws, Equityexperts is not permitted to attempt to collect any collection fees above the amount that Brookside has already paid to Equityexperts for its collection services.

95.     The amounts that Equityexperts sought to collect from the Brookside Plaintiffs contained collection fees that were in excess of any amount paid to Equityexperts by Brookside, for Equityexperts' services.

96.     On information and belief, under all of the other condominium associations located in Michigan master deeds and bylaws to whom Equityexperts was attempting to collect a debt for, provides that the unit owner is liable only for the amount of any collection fees that the respective condominium association has already paid or incurred.

97.     The collection fee amounts that Equityexperts sought to collect from other condominium association debtors were in excess of any amount paid to Equityexperts, or actually incurred by each respective condominium association, for Equityexperts' services.

98.     The letters to Plaintiffs and similar form letters sent to the putative class members falsely represented the amount of the debt owed.

99.     On information and belief, each NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT falsely stated the amount of money owed.

100.   On information and belief, each NOTICE OF CONDOMINIUM ASSESSMENT LIEN FORECLOSURE BY ADVERTISEMENT falsely stated a date certain on which "interest in the herein subject premises will be foreclosed by a sale by public auction to the highest bidder."

101.   Statements sent to the Plaintiffs falsely stated the amount of money that Equityexperts was entitled to collect under the terms of the bylaws of the Country Pond Estates Master Deed.

102.   On information and belief, the communications to the Brookside Plaintiffs falsely stated the amount of money that Equityexperts was entitled to collect under the terms of the Brookside Condominium Bylaws.

103.   On information and belief, the communications from Equityexeprts to other condominium debtors falsely stated the amount money that Equityexperts was entitled to collect under the terms of their respective condominium association's Bylaws.

104.   On information and belief, with each Notice of Foreclosure by Advertisement Equityexperts falsely stated the amount owed by the person who the notice related to.

105.   Each Notice of Foreclosure by Advertisement was also delivered to Plaintiffs such as Cover-Killewald and Thomas, and the putative class members by posting the notice on their respective home's doors.

106.   Equityexperts' conduct violated 15 U.S.C §§ 1692e(2)(A), 1692e(5) and 1692e(10), 1692f(1).

## CLASS ALLEGATION

107.  The class consists of:  All individuals, with a Michigan Address, from whom Equityexperts.org, LLC attempted to collect a debt, from a time from May 27, 2013, to June 16, 2014, where the debt was alleged to be owed to any condominium association in Michigan, that included any amount of collection fees that was not already paid by the respective condominium association to Equityexperts, Excluded from the class are any of the 413 class members in

*Thomas Donnelly v. Equityexperts.org, LLC*, 4:13-CV-10017-TGB-RSW (E.D. Mich.), whose claim alleged herein has been released.

108.  On information and belief, the class is so numerous that joinder of all members is impractical.

109.  Plaintiffs allege on information and belief that there are more than 40 persons who fall within the proposed class definition above in paragraph 107 who are not excluded by the *Donnelly* settlement.

110.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

111.  The predominant common question is whether Equityexperts violated the FDCPA when it attempt to collect collection fees from Plaintiffs and the class contrary to the terms of their condominium associations' master deeds and bylaws.

112.  Plaintiffs will fairly and adequately protect the interests of the class.

113.  Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.

114.  A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the class and against Equityexperts for, statutory and actual damages, attorney's fees and costs of suit.

## COUNT II – BREACH OF CONTRACT -
## INJUNCTIVE AND DECLARATORY RELEIF

115.  Plaintiffs, each of them, incorporate paragraphs 1-86 herein.

116.  This count is brought against all Defendants.

117.  Brookside is in breach of the Brookside Condominium Bylaws, Article II, Section 5(d) by allowing Equityexperts to attempt to collect in the name of and on behalf of Brookside, collection fees not actually incurred by Brookside.

118.  The Brookside Plaintiffs seek a declaratory judgment on the Condominium Bylaws, Article II, Section 5(d).

119.  A declaratory judgment would settle the controversy whether Equityexperts can seek to collect any amount of money as collection fees, that has not previously paid by Brookside to Equityexperts for Equityexperts' services preformed in an attempt collect a debt from the Brookside Plaintiffs.

120.  Country Pond is in breach of the Country Pond Condominium Bylaws, Article II, Section 2.7(d) by allowing Equityexperts, in the name of and on behalf of Country Pond, to attempt to collect collection fees not actually incurred by Country Pond.

121.  The Country Pound Plaintiffs seek a declaratory judgment on the Condominium Bylaws, Article II, Section 2.7(d).

122.  A declaratory judgment would settle the controversy whether Equityexperts can seek to collect any amount of money as collection fees, that

have not previously paid by Country Pond to Equityexperts, for Equityexperts' services preformed in an attempt to collect a debt from the Country Pond Plaintiffs.

123.   A declaratory judgment would serve a useful purpose in clarifying the rights of the homeowners, Brookside, Country Pond and Equityexperts or any other debt collector attempting to collect association dues on behalf of Brookside or Country Pond.

124.   An injunction prohibiting the addition of additional collection fees not permitted by the contractual provision at issue is proper because Equityexperts on behalf of condominium associations uses Foreclosure by Advertisement as means of attempting to collect a debt, any state judicial review of Equityexperts conduct on behalf of its clients can be avoided.

WHEREFORE, Plaintiffs and the class request that the Court:

A.      Enter a declaratory judgment finding that under the Brookside Bylaws only those amounts of collection fees actually paid by the Brookside can be sought to be collected;

B.      Enter a declaratory judgment finding that under the Country Pond Bylaws only those amounts of collection fees actually paid by the Country Pond can be sought to be collected;

C.      Permanently Enjoin all Defendants from adding into any Foreclosure by Advertisement notice, collection fees above that actual amount actually paid by Brookside and/or Country Pond for any debt collectors' collection services;

D.      Permanently enjoin Defendants Brookside and Equityexperts from attempting from collecting or causing to be collected any fees above that amount actually paid by Brookside for collection services; and

E.      Permanently enjoin Defendants Country Pond and Equityexperts from attempting from collecting or causing to be collected any fees above that amount actually paid by Country Pond for collection services.

## COUNT III – DISGORGEMENT OF IMPROPER PROFITS

125.   The proposed class representatives, each of them, incorporate paragraphs 1-86 herein.

126.   This count is brought by the proposed class representative Plaintiffs who paid any amount of collection fees to Equityexperts.

127.   This count is against Equityexperts only.

128.   Equityexperts obtained collection fees which were in excess of the amounts permitted under its condominium association clients' master deeds and bylaws with the debtors.

129.   Equityexperts made materially false statements about the amount of money due and owing to its condominium association clients in Michigan to obtain its collection fees from debtors who were part of a condominium association in Michigan.

130.   Equityexperts made these materially false statements regarding the amount of money due and owing to its condominium association clients in Michigan to induce debtors to pay monies not owed to the respective condominium associations or Equityexperts.

131.   Exquityexperts engaged in extortion, by making threats that it would initiate the taking of debtors' homes, and did at times initiate the process to take the debtors' homes, if money not legally owed to the debtors' condominium association was not paid to Equityexperts by the debtors.

132.   Equityexperts' conduct of collecting collection fees to which legally were not owed by condominium unit owners, amounts to fraud.

## CLASS ALLEGATION

133.   The class consists of:  All individuals, with a Michigan Address, from whom Equityexperts.org, LLC, collect monies on behalf of any condominium

association in Michigan, from a time from May 27, 2008, to June 16, 2014, that included any amount of collection fees that was not already paid by the respective condominium association to Equityexperts,  Excluded from the class are any of the 413 class members in *Thomas Donnelly v. Equityexperts.org, LLC*, 4:13-CV-10017-TGB-RSW (E.D. Mich.), whose claim alleged herein has been released.

134.   On information and belief, the class is so numerous that joinder of all members is impractical.

135.   Plaintiffs allege on information and belief that there are more than 40 persons who fall within the proposed class definition above in paragraph 133 who are not excluded by the *Donnelly* settlement.

136.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

137.   The predominant common question is whether Equityexperts, acting on behalf of condominium associations in Michigan, obtained more money from debtors than what the debtors were legally obligated to pay under their respective condominium associations' master deed and bylaws.

138.   The proposed class representatives will fairly and adequately protect the interests of the class.

139.   Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.

140.   A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, the proposed class representatives and the class request that the Court enter a money Judgment against Equityexperts in an amount equal the amount of money Equityexperts impermissibly obtained from the proposed class representatives and the class, along with costs of suit.

### COUNT IV – MOC
### IMPERMISSABLE COLLECTION FEES
### CLASS ALLEGATION

141.   Plaintiffs incorporate paragraphs 1-86 and 92-105, of Count I, above herein.

142.   This Count is asserted by the proposed class representatives individually and on behalf of a class, and individually by Plaintiffs Thomas and Jean Watts against Equityexperts only.

143.   Equityexperts is a "Collection Agency" as defined in MCL § 339.901(b).

144.   " A licensee shall not commit 1 or more of the following acts: * * * (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt[.]"  MCL § 339.915(e).

145.   Equityexperts' conduct and communications with Plaintiffs and the putative class members in attempting to collect impermissible collection fees violates MCL § 339.915(e).

146.   On information and belief, prior to the filing of this lawsuit, Equityexperts had knowledge and was placed on notice that attempting to collect association fees where the Bylaws within the Master Deed of a Condominium Association only provided for the collection of amounts actually incurred by the Association was prohibited.

147.   Equityexperts conduct of attempting to collect and collecting collection fees that were not permitted to be collected under the Brookside, Country Pond, and other Michigan condominium agreements with Plaintiffs and the putative class members was willful.  *See Safeco Inc. Co. of Am. v. Burr,* 551 U.S. 47 (2007) (defining the willfulness standard in civil cases).

148.   MCL § 339.916 provides:

**(1)** A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief.

**(2)** If the court finds for the petitioner, recovery shall be in the amount of actual damages or $ 50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful [sic] violation, it may award a civil penalty of not less than 3 times the actual damages, or $ 150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in connection with the action.

## CLASS ALLEGATION

149.    The class consists of:  All individuals, with a Michigan Address, from whom Equityexperts.org, LLC attempted to collect a debt, where the debt was alleged to be owed to any condominium association in Michigan that included any amount of collection fees that was not already paid by the respective condominium association to Equityexperts, from a time from May 27, 2008, to June 16, 2014. Excluded from the class are any of the 413 class members in *Thomas Donnelly v. Equityexperts.org, LLC*, 4:13-CV-10017-TGB-RSW (E.D. Mich.), whose claim alleged herein has been released.

150.    On information and belief, the class is so numerous that joinder of all members is impractical.

151.    Plaintiffs allege on information and belief that there are more than 40 persons who fall within the proposed class definition above in paragraph 149 who are not excluded by the *Donnelly* settlement.

152.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether Equity Experts violated the MOC when it attempt to collect thousands of dollars in collection fees from Plaintiffs and the class contrary to the terms of the condominium associations' master deed and bylaws, respectively.

153.    The proposed class representatives will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.

154.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiffs and the class request that the Court for actual damages or $50, which ever is greater, per violation, trebled if a finding of willfulness is made along with reasonable attorney's fees and costs, along with injunctive relief prohibiting Equityexperts from engaging in the illegal same conduct.

**COUNT V – FDCPA**
**15 U.S.C. § 1692e(14) LETTER VIOLATION**
**CLASS ALLEGATION**

155.    Plaintiffs incorporate paragraphs 1-86 above herein.

156.    All Plaintiffs, except Jean Watts, Phillips and Dorothy Blackmon assert this claim against Equityexperts only.

157.    15 U.S.C. § 1692e(14) provides that, "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

158.   A copy, reduced in size, of one of the form letters used by Equityexperts at some time between May 27, 2013, to June 16, 2014, that was included within a form envelope used by Equityexperts is as follows:



159.   The address below the entity listed on the upper left hand side of the letter is an address at which Equityexperts receives mail at.

160.   The name and address of a business on the left hand side of a letter above the recipient's name and address is typically that of the name and address of the sender of the letter.

161.   On information and belief, similar form letters were sent to the Brookside Plaintiffs using the name "Brookside of Superior Township Condominium Association".

162.   On information and belief, similar form letters as shown in paragraph 158 were sent to owners of condominium units in Michigan other than the named Plaintiffs.

163.   Equity Experts' form letters using in the letterhead the name to "Country Pond Estates Homeowners Association" or Brookside of Superior Township Condominium Association, or the name of another condominium association in Michigan violated 15 U.S.C. § 1692e(14).

## CLASS ALLEGATION

164.   The class consists of:  All individuals with a Michigan address who were sent a letter by Equityexperts, and the letter was not returned, at any time from May 27, 2013, to June 16, 2014, where Equityexperts used a name other than its own registered name in the letterhead above the intended recipient's name and address.  Excluded from the class are any of the 413 class members in *Thomas*

*Donnelly v. Equityexperts.org, LLC*, 4:13-CV-10017-TGB-RSW (E.D. Mich.), whose claim alleged herein has been released.

165.   On information and belief, the class is so numerous that joinder of all members is impractical.

166.    Plaintiffs allege on information and belief that there are more than 40 persons who fall within the proposed class definition above in paragraph 164 who are not excluded by the *Donnelly* settlement.

167.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether Equityexperts' form letters using the name, for example, "Country Pond Estates Homeowners Association" or "Brookside of Superior Township Condominium Association" in the letterhead above the intended recipient's name and not identifying itself by its correct registered name in Michigan name violates 15 U.S.C. § 1692e(14).

168.   The proposed class representatives will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.

169.   A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually

controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class and against Equityexperts for statutory damages, attorney's fees and costs of suit.

### COUNT VI – FDCPA
### 15 U.S.C. § 1692e(14), § 1692f(8) ENVELOPE VIOLATION

170.   Plaintiff incorporates paragraphs 1-86 above herein.

171.   All Plaintiffs, except Jean Watts, Phillips and Dorothy Blackmon assert this claim against Equityexperts only.

172.   15 U.S.C. § 1692e(14) provides that, "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

173.   15 U.S.C. § 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

174.   Equityexperts uses form envelopes with a clear window that shows the name of its client, or the name of the entity it thinks its client, as being the sender, for example, "Country Pond Estates Homeowners Association" or "Brookside of Superior Township Association".

175.   The envelope does not provide the recipient any clue that the letter inside is actually from Equityexperts.

176.   The envelope gives the recipient the false impression that the letter is from Equityexperts' client, or the name of the entity it thinks its client, for example, "Country Pond Estates Homeowners Association" or "Brookside of Superior Township Association" respectively.

177.   A redacted picture of one of the form envelopes used by Equityexperts at some time between May 27, 2013, to June 16, 2014, which allows the name of an entity other than Equityexperts' registered name to be visible is as follows:



178.   Equityexperts violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692f(8).

## CLASS ALLEGATION

179.   The class consists of:  All individuals with a Michigan address who were sent a letter by Equityexperts, and the letter was not returned, at any time from May 27, 2013, to June 16, 2014, where the envelope caused to be displayed the name of an entity other than Equityexperts' registered name.  Excluded from the class are any of the 413 class members in *Thomas Donnelly v. Equityexperts.org, LLC*, 4:13-CV-10017-TGB-RSW (E.D. Mich.), whose claim alleged herein has been released.

180.   On information and belief, the class is so numerous that joinder of all members is impractical.

181.    Plaintiffs allege on information and belief that there are more than 40 persons who fall within the proposed class definition above in paragraph 179 who are not excluded by the *Donnelly* settlement.

182.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

183.   The predominant common question is whether Equity Experts' form envelope displaying the name, for example, "Country Pond Estates Homeowners Association" or "Brookside of Superior Township Condominium Association" violates 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692f(8).

184.   The proposed class representatives will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.

185.   A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class and against Equityexperts for statutory damages, attorney's fees and costs of suit.

## COUNT VII – MOC
## LETTER AND ENVELOPE VIOLATIONS
## CLASS ALLEGATION

186.   Plaintiffs incorporate paragraphs 1-84 and 147-150, 161-163 above herein.

187.   All Plaintiffs, except Jean Watts and Dorothy Blackmon assert this claim against Equityexperts only.

188.   Equityexperts is a "Collection Agency" as defined in MCL § 339.901(b).

189.   MCL § 339.915a provides that "[a] licensee shall not commit any of the following acts: * * * Identifying the collection agency other than by the name appearing on the license."  MCL § 339.915a(n).

190.   Equityexperts' form letters using the name of its client, for example, of "Country Pond Estates Homeowners Association" or Brookside of Superior Township Condominium Association in the letterhead violated MCL § 339.915a(n).

191.   Equityexperts' form letters using the name of its client, for example, of "Country Pond Estates Homeowners Association" or Brookside of Superior Township Condominium Association in envelope's clear window violated MCL § 339.915a(n).

192.   A redacted, reduced, copy of one of the form letters used by Equityexperts at some time between May 27, 2008, to June 16, 2014, that was included within a form envelope used by Equityexperts is as follows:

*Brookside of Superior Township Association*
PO Box 81200
Rochester, MI 48308



**EQUITY EXPERTS**
ASSOCIATION COLLECTION SPECIALISTS

PO BOX 81200 Rochester, MI 48328
Phone: 248. 601. 6766 Fax: 248. 601. 6765

1/17/2013

Via First Class Mail

Samantha Cover-Killewald

Dear Samantha Cover-Killewald:

Your account with Brookside of Superior Township Association remains severely delinquent.

Collection costs and late fees will continue to escalate until you make payment arrangements with us. Furthermore, the association is currently deciding which of the following legal options they will exercise.

- Proceeding with the foreclosure. The association would follow through with advertisement of the sale date and a public auction to be held at the county courthouse.
- Filing a lawsuit and obtaining a judgment in court, which could include wage garnishment, or any other means necessary to satisfy the judgment
- Writing off the debt and reporting it to the IRS as income to you.  You would then be liable to the IRS for income tax.

This letter is our final attempt to reach a resolution on this account before additional legal action is taken. Please contact us immediately to discuss a resolution.

Thank you,

Equity Experts

THIS OFFICE IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

193. A redacted copy of one of the form envelopes used by Equityexperts at some time between May 27, 2008, to June 16, 2014, which allows the name of an entity other than Equityexperts' registered name to be visible is as follows:



## CLASS ALLEGATION

194. The class consists of: All individuals with a Michigan address who were sent a letter by Equityexperts, and the letter was not returned, at any time from May 27, 2008, to June 16, 2014, where the letterhead displayed a name other than Equityexperts' registered name, or, the envelope used by Equityexperts caused to be displayed the name of an entity other than Equityexperts' registered name. Excluded from the class are any of the 413 class members in *Thomas Donnelly v. Equityexperts.org, LLC*, 4:13-CV-10017-TGB-RSW (E.D. Mich.), whose claim alleged herein has been released.

195.    On information and belief, the class is so numerous that joinder of all members is impractical.

196.    Plaintiffs allege on information and belief that there are more than 40 persons who fall within the proposed class definition above in paragraph 194 who are not excluded by the *Donnelly* settlement.

197.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether Equity Experts' form letters and envelope displaying the name of Equity Expert's client, for example, "Country Pond Estates Homeowners Association" or "Brookside of Superior Township Condominium Association" violates MCL § 339.915a(n).

198.    The proposed class representatives will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.

199.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiffs and the class request that the Court for damages of $50, per violation, trebled if a finding of willfulness is made along with

reasonable attorney's fees and costs, along with injunctive relief prohibiting Equity Experts from engaging in the illegal same conduct.

## COUNT VIII
## PLAINTIFF THOMAS – ADDITIONAL INDIVIUDAL CLAIMS

200.   Plaintiff Thomas incorporates paragraphs 1-86 above herein.

201.   This Count is against Equityexperts only.

202.   Equityexperts' March 19, 2014 letter violated 15 U.S.C. 1692c(a)(2) in communicating directly with Plaintiff Thomas after Equityexperts knew that she was represented by counsel and did not have permission to directly communicate with her.

203.   Because Equityexperts' March 19, 2014, letter sought to collect amounts under Country Pond Estate's Master Deed, incurred on June 1, 2004, 2005, 2006 and 2007, Equity Experts violated 15 U.S.C §§ 1692e(2)(A), e(10) as those amounts sought are outside the Michigan Statute of Limitations.  M.C.L. § 600.5807(8) ("The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.")

WHEREFORE, the Court should enter judgment in favor of Plaintiff Thomas and against Equityexperts for statutory and actual damages, attorney's fees and costs of suit.

## COUNT IX
## PLAINTIFF JEAN WATTS
## – ADDITIONAL INDIVIUDAL CLAIMS

204.   Plaintiff Jean Watts incorporates paragraphs 1-86 above.

205.   Equityexperts' statement to Jean Watts that "Payment of $711.00 must be received by our office no later than February 7, 2014" was false as an additional offer for installment payments was made.

206.   Equityexperts' statement to Jean Watts that, "the collection fees are reasonable and allowed by your association's bylaws and state statute" was false as neither provide for the collection fees Equityexperts was seeking and Equityexperts' "collection fees" are not reasonable.

207.   Equityexperts statement to Jean Watts that, "immediate payment is necessary to prevent foreclosure. Be advised that if foreclosure proceedings begin it would result in additional cost to you of roughly $4,000" is false.

208.   Equityexperts conduct violated 15 U.S.C §§ 1692e(2)(A), e(10).

209.   Equityexperts' conduct violated 15 U.S.C § 1692f(1) as to Jean Watts.

WHEREFORE, the Court should enter judgment in favor of Plaintiff Jean Watts on her claims under and against Equityexperts for statutory and actual damages, attorney's fees and costs of suit.

Respectfully submitted,

s/ Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on **November 7, 2014,** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Paul T. O'Neill (P57293)
Attorney for Defendants
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
(248) 205-3300
paul.o'neill@bowmanandbrooke.com

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com